UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
WACO DIVISION

| | | |
|---|---|---|
| FABIEN MURRY #2010276 | § § | |
| V. | § § | W-16-CA-380-RP |
| LORIE DAVIS | § § | |

**O R D E R**

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (#1) and Respondent's Answer (#12). Petitioner, proceeding pro se, has paid the filing fee. For the reasons set forth below, Petitioner's application for writ of habeas corpus is denied.

**STATEMENT OF THE CASE**

**A.     Background**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to two judgments and sentences of the 54th District Court of McLennan County, Texas in Cause Nos. 2014-61-C2 and 2014-976-C2. In Cause No. 2014-61-C2, Petitioner was charged by indictment with committing aggravated sexual assault against a child, and an enhancement paragraph alleging Petitioner had a prior conviction in 2002 for possession of methamphetamine, a controlled substance. *Ex parte Murry*, WR-85,541-01, SHCR (#13-5) at 112–15. In Cause No. 2014-976-C2, Petitioner was charged by indictment with possessing with intent to deliver, methamphetamine, a controlled substance, weighing between 1 and 4 grams, plus an enhancement paragraph alleging Petitioner had a prior conviction in 2008 for possession of methamphetamine, a controlled substance. *Ex parte Murry*, WR-85,541-02, SHCR (#13-10) at 62–63.

1

On June 2, 2015, pursuant to a plea agreement, Petitioner pleaded guilty to both causes and true to both enhancement paragraphs and was sentenced to 30 years of imprisonment for each cause, to run concurrently. SHCR-01 (#13-5) at 117-124; SHCR-02 (#13-10) at 65-72. Petitioner did not appeal.

Petitioner filed an application for a state writ of habeas corpus challenging each conviction on May 6, 2016. SHCR-01 (#13-5) at 18; SHCR-02 (#13-10) at 21. On August 24, 2016, the Court of Criminal Appeals (CCA) dismissed the application challenging the conviction for aggravated sexual assault of a child for failure to comply with Rule 73.1 of the Texas Rules of Appellate Procedure. SHCR-01 (#13-1). On the same day, the CCA denied, without written order, the application challenging the conviction for possession of methamphetamine with intent to deliver. SHCR-02 (#13-6).

**B.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. He is actually innocent pursuant to *Schlup v. Delo*, 513 U.S. 298 (1995).

2. His counsel was ineffective for failing to:

    a.  advise him of the legal ramifications of his guilty plea;

    b.  object to the illegal search of his home and the illegal search warrant;

    c.  subpoena witnesses to testify regarding both the methamphetamine and sexual assault charges;

    d.  sever his criminal cases.

Pet. (#1) at 6.

C.      **Request for Evidentiary Hearing**

Petitioner asserts that his application for habeas relief raises factual questions, which have not been addressed by the state courts and that the state has failed to provide Petitioner with a full and fair hearing concerning his application. Petitioner concludes that he is entitled to an evidentiary hearing to resolve the factual questions left unresolved by the state courts.

## DISCUSSION AND ANALYSIS

A.      **The Antiterrorism and Effective Death Penalty Act of 1996**

The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. *See Harrington v. Richter*, 562 U.S. 86, 97–100 (2011). The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington*, 562 U.S. at 98.

One of the issues *Harrington* resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Id.* Following all of the Courts of Appeals' decisions on this question, *Harrington* concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." *Id.* (citations omitted). The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." *Id.* (citing *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam)). When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." *Id.* And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." *Id.*

As *Harrington* noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. *Id.* at 100 (citing 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Dowthitt v. Johnson*, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on

a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

*Id.* at 740-41 (quotation and citation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 741 (quotation and citation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. *Id.*

**B.    Evidentiary Hearing**

Section 2254(e)(2) provides:

If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
    (A) the claim relies on--
        (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
        (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
    (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Petitioner has failed to plead any allegations that would entitle him to a hearing. He only asserts conclusory positions that he was not provided a full and fair hearing. Accordingly, Petitioner's request for an evidentiary hearing is denied.

**C.     Statute of Limitations**

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction in Cause No. 2014-61-C2 became final, at the latest, on July 2, 2015, at the conclusion of time during which he could have appealed his conviction. *See* Tex. R. App. P. 26.2(a). Therefore, Petitioner had until July 5, 2016, to timely file his federal application. Petitioner did not execute his federal application for habeas corpus relief until September 5, 2016, after the limitations period had expired.

Petitioner did file a state habeas application on May 6, 2016. That filing, however, did not toll his limitations period because it was dismissed by the CCA for failure to comply with Rule 73.1

6

of the Texas Rules of Appellate Procedure. SHCR-01 (#13-1). An application is not properly filed, for purposes of tolling, when it is not in compliance with applicable laws governing filings. *Artuz v. Bennett*, 531 U.S. 4, 8–10 (2000); *Larry v. Dretke*, 361 F.3d 890, 893-94 (5th Cir. 2004). Therefore, Petitioner's limitations period was unaffected by his state habeas petition.

It may be that Petitioner is contending the untimeliness of his application, as it pertains to his conviction in 2014-61-C2, should be excused because he is actually innocent. In *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the Supreme Court held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998). In this case, Petitioner merely asserts that the child who accused him of sexual assault was not reliable. He has made no valid attempt to show he was actually innocent of the crime to which he previously pleaded guilty.

To the extent Petitioner challenges his conviction in Cause No. 2014-61-C2, the record does not reflect that any unconstitutional state action impeded Petitioner from properly filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown

that he could not have discovered the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

**D.      Actual Innocence Claim**

To the extent Petitioner is attempting to raise a freestanding innocence claim, his claim fails. The Fifth Circuit does not recognize actual innocence as a basis for federal relief under § 2254. *Lucas v. Johnson*, 132 F.3d 1069, 1075-76 (5th Cir. 1998); *see also United States v. Fields*, 761 F.3d 443, 479 (5th Cir. 2014) (denying request for a certificate of appealability on a claim of "actual innocence"). Therefore, Petitioner's claim of actual innocence is denied.

**E.      Unexhausted and Procedurally Barred Claims**

Petitioner failed to properly exhaust his state court remedies with respect to his claim of ineffective assistance of counsel for failing to subpoena witnesses in Cause No. 2014-976-C2. As a consequence, this claim is procedurally barred.

The exhaustion doctrine requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). In order to satisfy the exhaustion requirement, a claim must be presented to the highest court of the state for review. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Moreover, all of the grounds raised in a federal application for writ of habeas corpus must have been "fairly presented" to the state courts prior to being presented to the federal courts. *Picard v. Conner*, 404 U.S. 270, 275 (1971). In other words, in order for a claim to be exhausted, the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his assertions. *Id.* at 275–77. Where a "petitioner advances in federal court an

8

argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (citing *Vela v. Estelle*, 708 F.2d 954, 958 n.5 (5th Cir. 1983)). A federal claim is not exhausted if it has been presented to the state courts using only a state-law basis. *See Duncan v. Henry*, 513 U.S. 364, 366 (1995) (per curiam). Furthermore, a claim that is presented to the highest state court in a procedural context in which its merits will not be considered is not exhausted. *Castille*, 489 U.S. at 351.

Petitioner's claim of ineffective assistance of counsel for failing to subpoena witnesses in Cause No. 2014-976-C2 was not presented on the same ground in his state habeas application. In his state application, Petitioner asserted that counsel was ineffective for failing to investigate or confer with witnesses recommended by Petitioner and that counsel failed to ensure subpoenas were delivered. SHCR-01 (#13-5) at 9-10. In his petition before this Court, Petitioner argues that his attorney "failed to subpoena witnesses which could have testified with regards to the drugs and the allegations of a sexual nature." Pet. (#1) at 6. The failure of counsel to subpoena alleged witnesses and the failure of counsel to investigate are not the same. Moreover, Petitioner's state application implies that his counsel did attempt to subpoena at least some witnesses, but there was a problem with the delivery of the subpoenas.

With regard to this unexhausted claim, Petitioner is consequentially procedurally barred from federal habeas corpus review. Even where a claim has not been reviewed by the state courts, this Court may find that claim to be procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). If a petitioner has failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred, the federal procedural default doctrine precludes federal habeas corpus review. *Id.*; *see*

*Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim, which would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition, to be procedurally barred).

Here, Petitioner has failed to exhaust his claim that he was denied effective assistance of counsel because his counsel failed to subpoena witnesses in Cause No. 2014-976-C2. However, if the Court required Petitioner to present this claim to the Texas Court of Criminal Appeals to satisfy the exhaustion requirement, the Texas Court of Criminal Appeals would find it to be procedurally barred under the Texas abuse-of-the-writ doctrine. *See Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) ("[T]he highest court of the State of Texas announced that it would as a 'rule' dismiss as abuse of the writ 'an applicant for a subsequent writ of habeas corpus rais[ing] issues that existed at the time of his first writ.'") (quoting *Ex Parte Barber*, 879 S.W.2d 889, 892 n. 1 (Tex. Crim. App. 1994). Further, the Texas habeas corpus statute prohibits a Texas court from considering the merits of, or granting relief based on, a subsequent writ application filed after the final disposition of an inmate's first application unless he demonstrates the statutory equivalent of cause or actual innocence. TEX. CODE CRIM. PROC. ANN. art. 11.07 § 4 (West Supp. 1996). In addition, for the Court to reach the merits of this claim, Petitioner "must establish cause and prejudice from [the court's] failure to consider his claim." *Fearance*, 56 F.3d at 642 (citations omitted). Petitioner has failed to establish cause and prejudice, and he has not shown that he is actually innocent. Therefore, Petitioner's claim of ineffective assistance of counsel for failure to subpoena witnesses in Cause No. 2014-976-C2 must be dismissed.

F. **Guilty Plea**

Petitioner pleaded guilty to both Cause Nos. 2014-61-C2 and 2014-976-C2, and consequently any remaining claims for relief are waived. A guilty plea "and the ensuing conviction encompasses all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989). A plea of guilty amounts to more than a mere confession; it is instead "an admission that [the defendant] committed the crime charged against him." *Id.* at 570. A voluntary guilty plea waives all non-jurisdictional defects in the proceedings except claims of ineffective assistance of counsel relating to the voluntariness of the plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

To be valid, a guilty plea must be voluntary, knowing and intelligent. *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). The test for determining a guilty plea's validity is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). A court assessing the validity of a plea must look to "all of the relevant circumstances surrounding it and consider such factors as whether there is evidence of factual guilt." *Matthew v. Johnson*, 201 F.3d 353, 364-65 (5th Cir. 2000). The defendant must also have notice of the charges against her, understand the constitutional protections that she has waived, and have advice from competent counsel. *Washington*, 480 F.3d at 315 (citation omitted). Furthermore, the defendant must be competent, and the plea must "not be the product of 'actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." *Matthew*, 201 F.3d at 365

11

(quoting *Brady v. United States*, 397 U.S. 742, 750 (1962)). The trial court must inform the defendant of the consequences of his plea, but "the defendant need only understand the direct consequences of the plea; he need not be made aware of every consequence that, absent a plea of guilty, would not otherwise occur." *United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000) (per curiam). Finally,

> [w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970).

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002) (holding "[a] plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction").

A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)). "Counsel is needed so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution." *Argersinger v. Hamlin*, 407 U.S. 25, 34 (1972). Counsel's advice to a defendant to accept a proposed plea agreement, in light of the facts and circumstances of the case, is normally considered to be a strategic choice that rests within counsel's professional judgment. *See Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992). To establish a claim that trial counsel's defective assistance rendered a plea involuntary, the petitioner must show that counsel's representation fell below an objective standard of reasonableness and a reasonable

probability exists that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner alleges that his counsel failed to advise him on the legal ramifications of his guilty pleas. He fails to allege any specific legal ramifications about which he was not informed and fails to explain any consequences of his guilty pleas that were not adequately explained. The record shows that Petitioner was admonished of the punishment he faced. SHCR-02 (#13-10) at 65. The state court determined he was mentally competent, was aware of the consequences of his guilty pleas, and was making his plea freely and voluntarily. *Id.* at 70-74. Petitioner has failed to allege any facts to refute the record or indicate that his pleas of guilty were anything but voluntary, knowing and intelligent.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. There is no evidence that Petitioner's plea was not voluntary, knowing and intelligent. Moreover, Petitioner's voluntary guilty plea effectively waives his remaining claims that counsel was ineffective for failing to object to the allegedly illegal search of his home and the illegal search warrant and failing to sever his criminal cases. Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief.

# **CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, the Court shall not issue a certificate of appealability.

It is therefore **ORDERED** that Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE** as time-barred to the extent Petitioner challenges his conviction in Cause No. 2014-61-C2 and **DENIED** to the extent Petitioner challenges his conviction in Cause No. 2014-976-C2.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on April 10, 2017.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE